

**BARRON & NEWBURGER, P.C.**

Manuel H. Newburger
*Board Certified in Consumer and Commercial
Law by the Texas Board of Legal Specialization
Licensed in Texas and Colorado*

Phone: (512) 476–9103 Ext. 216 | mnewburger@bn-lawyers.com

June 3, 2016

Hon. Marcia Waldron                                   VIA ELECTRONIC FILING
United States Court of Appeals
for the Third Circuit
U.S. Courthouse, Room 21400
601 Market Street
Philadelphia, P A 19106-1790

RE:   *Bock v. Pressler and Pressler*; Docket No. 15-1056
      Argument Date - November 10,2015

Dear Ms. Waldron:

In accordance with the Court's May 20, 2016 directive, I write on behalf of Appellant Pressler & Pressler, LLP to explain why the Supreme Court's decision in *Spokeo, Inc. v. Robins,* No. 13-1339 (May 16, 2016) supports an Order vacating the summary judgment, subsequent final judgment, and opinion that were granted by the district court (Appx. Vol. I, pp. 0003 – 0030) with instructions to the district court to dismiss this case for lack of subject matter jurisdiction.

Article III of the United States Constitution "limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992); U.S. Const. art. III, § 2, cl. 1.  To invoke this power, a litigant must have standing.  *Hollingsworth v. Perry,* 133 S. Ct. 2652, 2661 (2013). Standing consists of three elements: (1) an "injury-in-fact" that is (2) fairly traceable to the defendant's conduct and that is (3) likely to be redressed by a favorable court decision.  *Lujan,* 504 U.S. at 560.  Of the three elements, injury-in-fact is "the 'first and foremost' of standing's three elements." *Spokeo, Inc. v. Robins*, 578 U.S. ___, No. 13-1339, slip. op at 7 (May 16, 2016) (internal citations omitted).  The plaintiff bears the burden of proving standing. Historically, the Supreme Court has described an "injury-in-fact" as "an invasion of a legally protected interest," and noted that such interests are both "(a) concrete and particularized, and (b) actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan,* 504 U.S. at 560 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)).  More recently, the *Spokeo* court confirmed that, "A



Hon. Marcia Waldron
June 3, 2016
Page 2
_____

'concrete' injury must be '*de facto*,' that is, it must actually exist; it must be 'real,' not 'abstract.'" *Spokeo*, 578 U.S. _____, slip op. at 7-8.

*Spokeo* addressed whether an alleged violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.*, in the absence of a specified injury, was sufficient to confer Article III standing where the plaintiff alleged no "actual or imminent harm." The Court reversed the Ninth Circuit's conclusion that an alleged procedural violation of the FCRA was sufficient "injury in fact" for Article III purposes because the Ninth Circuit failed to analyze whether Robins' alleged statutory injury was "concrete." *Spokeo*, 578 U.S. ___, slip op. at 5. The Court specifically held, "An injury in fact must also be 'concrete.' Under the Ninth Circuit's analysis, however, that independent requirement was elided… We have made it clear time and time again that an injury must be both concrete *and* particularized." *Id.* at 8. Put differently, the Court reminded the Ninth Circuit of its obligation to analyze whether Robins' injury was "real" and not "abstract." *Id.*

In this regard, the Court reiterated that contrary to the Ninth Circuit's conclusion, a party does not "automatically satisf[y] the injury-in-fact requirement whenever a state grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation. **For that reason, Robins could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III.**" *Id.* at 9. (Emphasis added). In other words, if an injury does not "cause harm or present a material risk of harm," it lacks the concreteness required to establish the existence of an injury-in-fact for Article III purposes, even if such injury constitutes a statutory violation. *Id.*

In the present case, Bock sued Pressler and alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.*, which identifies three different classes of damages: actual damages, statutory damages, and costs. 15 U.S.C. § 1692k(a)(1)-(3); *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 559 U.S. 573, 578 (2010). The statutory scheme specifically differentiates between actual damages, which arise from actual, tangible harm to the consumer, and statutory damages, which stem solely from a technical or procedural violation of the FDCPA. The purpose of this differentiation is to deter statutory violations by allowing consumers to recover statutory damages *even if the consumer suffers no actual damages*. *Barrows v. Chase Manhattan Mortg. Corp.*, 465 F. Supp.2d 347. 354 (D.N.J. 2006). While a consumer may recover statutory damages of up to $1,000.00 for a statutory violation of the FDCPA, a consumer seeking recovery of actual damages must plead and prove



such damages.  *Deeters v. Phelan Hallinan & Schmieg, LLP*, 2013 U.S. Dist. LEXIS 173845 (W.D. Pa. 2013) (a plaintiff bears the burden of pleading damages under the FDCPA).

Bock's Complaint alleged no actual damages, and instead sought only statutory damages of up to $1,000.00 plus attorney's fees and costs.  *See* Appx. Vol. II, p. 0091, ¶ 45 ("Based on any one of those violations, PRESSLER is liable to BOCK for statutory damages, attorney's fees and costs."); ¶ 46 (Prayer For Relief seeking statutory damages, attorney's fees, litigation expenses, and costs).  During oral argument, when pressed to identify an "injury in fact," Bock's counsel side-stepped the absence of such injury by arguing, among other things, that the parties had agreed that damages at issue were $1,000.00[1]; however, Bock forgets that the parties' stipulation spoke not just to the value of Bock's damages, but to their source:

> 2. **The Complaint's prayer for damages was for "statutory damages" pursuant to 15 U.S.C. § 1692k(a)(2)(A), which are limited to $1,000.00.**
> 3. To avoid the time and expenses of preparing the ordered letter briefs and for the purpose of judicial economy, Plaintiff and Defendant stipulate to $1,000.00 as the amount of Plaintiff's damages.

*See* Appx. Vol. III, p. 0266, ¶¶ 2-3.  Thus, not only did Mr. Bock stipulate that his entitlement to damages was capped at $1,000.00, but he also stipulated that such damages were "statutory damages" only – that is, Bock judicially admitted that he sustained no actual damage as a result of Pressler's alleged violation of the FDCPA. As a consequence, this Court need not analyze whether Bock has pled the existence of an "intangible injury… sufficient in some circumstances to constitute injury in fact, *Spokeo*, 578 U.S. at ____, slip op. at 10; he has already stipulated to the absence of any such "injury-in-fact," and

---

[1] Bock's counsel seemed to imply that the parties contractually conferred jurisdiction on the district court.  Any such suggestion is clearly erroneous.  Parties cannot confer by contract subject matter jurisdiction that does not otherwise exist.  Because "standing is an Article III requirement for jurisdiction, the parties do not have the power to confer such jurisdiction upon the Court by conceding the standing of certain plaintiffs."  *Barhold v. Rodriguez*, 863 F.2d 233, 234 (2d. Cir. 1998); *see also Wilson v. Glenwood Intermountain Properties*, 98 F.3d 590, 593 (10th Cir. 1996) (rejecting the district court's finding that defendants conceded plaintiffs had standing because "parties cannot confer subject matter jurisdiction on the courts by agreement"); *see also Golden v. V.I.*, 47 Fed. Appx. 620, 622 (3d. Cir. 2002).



Hon. Marcia Waldron
June 3, 2016
Page 4

_____

has acknowledged that the only "injury" in existence is a procedural statutory one.[2]

In fact, it is difficult to conceive of what concrete injury Bock could have suffered. He was sued on a debt that he does not deny owing, in a suit that he settled (while represented by the same attorney who filed this action on his behalf). He made no claim at all that he was sued by the wrong creditor or in the wrong venue or on the wrong debt or for the wrong amount. His sole claim is essentially that the Pressler & Pressler attorney did not spend enough time reviewing the two-sentence, form allegation asserting the book account claim on which he was sued and that Pressler & Pressler did not do enough work in representing its own client. It has often been said that the plaintiff is the master of his own complaint, and in this case Mr. Bock alleged nothing that would or could cause a concrete injury.

While *Spokeo* was remanded to the Ninth Circuit for a determination of whether the allegedly false information disseminated by Spokeo involved a risk of harm "sufficient to meet the concreteness requirement," no such analysis is warranted here given Bock's complaint and his admission that the only "injury" at issue in this case is a purely statutory violation. Accordingly, this Court should vacate the orders of the court below and remand this matter back to the district court with an instruction to dismiss the case for want of subject matter jurisdiction.

I thank the Court for consideration of this letter brief.

        Yours truly,

        BARRON & NEWBURGER, P.C.

        *Manuel H. Newburger*

        Manuel H. Newburger

MHN/lmb
cc:    All Counsel of Record via ECF System

---

[2] Such an argument would fail even in the absence of Bock's admission, because the Supreme Court held that "a bare procedural violation, divorced from any concrete harm," cannot "satisfy the injury-in-fact requirement of Article III." *Spokeo*, 578 U.S. at ___, slip op. at 9-10. It is the absence of any "concrete harm" to Bock which mandates the conclusion that the district court lacked Article III jurisdiction.